## J. M. Evans v. J. M. Pierce.

1. AGENCY—*The Law as to the Existence of the Relationship of Principal and Agent Applied.*—The court holds that the registrar of the Southern Illinois Normal University, to whom was delivered a check for salary due appellee, acted as the agent of the treasurer of the University and not as the agent of appellee.

Mandamus, against the treasurer of a State institution to compel payment of salary. Appeal from the Circuit Court of Jackson County; the Hon. ALONZO K. VICKERS, Judge, presiding. Heard in this court at the February term, 1897. Affirmed. Opinion filed June 10, 1897.

F. M. YOUNGBLOOD and W. A. SCHWARTZ, attorneys for appellant.

R. J. McELVAIN, attorney for appellee.

MR. PRESIDING JUSTICE SAMPLE DELIVERED THE OPINION OF THE COURT.

This was a proceeding by mandamus on behalf of J. M. Pierce, a teacher in the Southern Illinois Normal University, to compel J. M. Evans, the treasurer of said University, to pay his salary for the month of July, 1893. The petition set out that the petitioner was employed by the trustees of said University, at a yearly salary of $1,200, payable in monthly installments of $100 each; that a registrar was appointed by the trustees, whose duty it was to make out a pay roll for each month of all persons employed, which he did, showing that $100 was due petitioner for the month of July; that a treasurer was also appointed by said trustees to have custody of the funds of said institution and to pay the same out to such persons appearing on said pay

roll, so prepared; that the treasurer had funds to pay said money to petitioner, but refused so to do.

The answer set up the defense, in effect, that the July salary was paid by check to the registrar, the agent of petitioner, who delayed presenting the same to the bank for about thirty days, at the expiration of which time said bank failed.

The issue of fact as to agency was submitted to a jury, which, after all the evidence was introduced, was directed by the court to find for the petitioner. The only question for determination is, was the registrar the agent of petitioner, or was there any substantial evidence tending to so show? After careful examination of the record, our conclusion is, the direction and judgment of the court below was right.

It would subserve no useful purpose to set up the evidence at length in the opinion. It will be sufficient to say that the treasurer's predecessor had, as he testified, for his convenience, made out and delivered the checks to the registrar, who was not to deliver them until those entitled had signed the pay roll, receipting for the same. This system was adopted by the present treasurer, as he testified. The faculty had nothing to do with the arrangement. The system was adopted for the convenience of the treasurer, and thereby the registrar was made his agent for the distribution of said checks. In this case the registrar could not deliver the check to petitioner because of the petitioner's absence. He could, in no event, under the plan adopted, with safety to himself, have delivered the check until the pay roll was receipted. This was the evidence required by the treasurer of the payment of the money, and served as a voucher, in his settlement with the State. The letter of petitioner to the registrar, of date August 1, 1893, inquiring if it would be convenient to pay the July salary then, was no evidence that he had constituted the registrar his agent to collect it. The letter was merely directed to him as the agent of the treasurer, from whom he had been receiving the checks for salary, when he signed the pay roll.

The judgment is affirmed.